**LEWIS JOHS AVALLONE AVILES, LLP**
James F. Murphy
One CA Plaza, Suite 225
Islandia, New York 11749
T: (631) 755-0101
F: (631) 755-0117
E-mail: jfmurphy@lewisjohs.com

*Attorneys for Plaintiffs-Counterdefendants
ABH Nature's Products, Inc.,
ABH Pharma, Inc. and Jahirul Islam*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABH NATURE'S PRODUCTS, INC. and ABH PHARMA, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> SUPPLEMENT MANUFACTURING PARTNER, INC. d/b/a SMP NUTRA, FUTURE PACK FULFILLMENT, INC., JOSPEH IMPERIO, alias FRANK CANTONE, STEVEN MILANO, WILLIAM CARTWRIGHT and JOHN DOES NOS. 1-10, <br> Defendants. <br><br><br> SUPPLEMENT MANUFACTURING PARTNER, INC. d/b/a/ SMP NUTRA, and JOSEPH IMPERIO, alias FRANK CANTONE, <br><br> Counterclaimants, <br><br> -against- <br><br> JAHIRUL ISLAM, and ABH NATURE'S PRODUCTS, INC., <br><br> Counterdefendants | Case No.: 19-CV-05637-LDH-RLM <br><br> **COUNTERDEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |

Counterdefendants Jahirul Islam ("Islam") and ABH Nature's Products, Inc. ("ABH Nature's" and together with Islam, "Counterdefendants"), by their attorneys, Lewis Johs Avallone Aviles, LLP, as and for an answer to Counterclaimaints' Counterclaims, upon information and belief, state as follows:

1. Counterdefendants deny the allegations contained in Paragraph 1.

2. Counterdefendants deny the allegations contained in Paragraph 2.

3. Counterdefendants deny the allegations contained in Paragraph 3.

4. Counterdefendants deny the allegations contained in Paragraph 4.

5. Counterdefendants lack sufficient knowledge and information to form a belief as to the whether Joseph Imperio ("Imperio") was a Partner and Sales Controller at Makers and deny the remaining allegations in Paragraph 5.

6. Counterdefendants admit that in 2016 Imperio became a 50% shareholder of ABH Pharma, Inc. ("ABH Pharma") and deny the remaining allegations in Paragraph 6.

7. Counterdefendants deny the allegations contained in Paragraph 7.

8. Counterdefendants deny the allegations contained in Paragraph 8.

9. Counterdefendants deny the allegations contained in Paragraph 9.

10. Counterdefendants deny the allegations contained in Paragraph 10.

11. Counterdefendants deny the allegations contained in Paragraph 11 but respectfully refer the Court to the subject court filings for the contents of same.

12. Counterdefendants admit that Counterclaimants cite to public filings in an unrelated case. Except as specifically admitted, Counterdefendants deny the allegations contained in Paragraph 12

13. Counterdefendants deny the allegations contained in Paragraph 13.

14. Counterdefendants deny the allegations contained in Paragraph 14.

15. Counterdefendants deny the allegations contained in Paragraph 15.

16. Counterdefendants deny the allegations contained in Paragraph 16.

17. Counterdefendants admit on or about July 19, 2018 Imperio signed a Share Purchase Agreement to convey his interest in ABH Pharma to Islam. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 17.

18. Counterdefendants deny the allegations contained in Paragraph 18.

19. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 19.

20. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 20.

21. Counterdefendants deny the allegations contained in Paragraph 21.

22. Counterdefendants deny the allegations contained in Paragraph 22.

23. Counterdefendants deny the allegations contained in Paragraph 23.

24. Counterdefendants admit that Islam alleges that Imperio conveyed his entire interest in ABH Pharma in exchange for ABH Pharma's entire interest in Future Pack Fulfillment, Inc. Except as expressly admitted Counterdefendants deny the allegation in Paragraph 24.

25. Counterdefendants deny the allegations contained in Paragraph 25.

26. Counterdefendants deny the allegations contained in Paragraph 26.

27. Counterdefendants admit the allegations contained in Paragraph 27.

28. Counterdefendants deny the allegations contained in Paragraph 28.

29. Counterdefendants deny the allegations contained in Paragraph 29.

30. Counterdefendants deny the allegations contained in Paragraph 30.

31. Counterdefendants deny the allegations contained in Paragraph 31.

32. Counterdefendants deny the allegations contained in Paragraph 32.

33. Counterdefendants deny the allegations contained in Paragraph 33.

34. Counterdefendants deny the allegations contained in Paragraph 34.

35. Counterdefendants deny the allegations contained in Paragraph 35.

36. Counterdefendants admit that they allege Imperio opened credit cards without Counterdefendants' knowledge and began to charge massive amounts for personal use. Except as expressly admitted Counterdefendants deny the allegations in Paragraph 36.

37. Counterdefendants deny the allegations contained in Paragraph 37.

38. Counterdefendants deny the allegations contained in Paragraph 38.

39. Counterdefendants deny the allegations contained in Paragraph 39.

40. Counterdefendants deny the allegations contained in Paragraph 40.

41. Counterdefendants deny the allegations contained in Paragraph 41.

42. Counterdefendants deny the allegations contained in Paragraph 42.

43. Counterdefendants deny the allegations contained in Paragraph 43

44. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 44.

45. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 45.

46. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 46.

### Responses to the DOJ Letter

47. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 47.

48. Counterdefendants deny the allegations contained in Paragraph 48.

49. Counterdefendants refer the Court to the subject letter and Consent Decree for the terms thereof and deny the remaining allegations contained in Paragraph 49.

50. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 50

### Responses to The Non-Compete Agreements

51. Counterdefendants admit that Steven Milano ("Milano") and Imperio executed agreements which, among other things, prohibit them from competing against ABH Natures or ABH Pharma. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 51.

52. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 52.

53. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 53.

54. Counterdefendants deny the allegations contained in Paragraph 54.

55. Counterdefendants deny the allegations contained in Paragraph 55.

56. Counterdefendants admit that as a result of the Consent Decree ABH Nature's laid off most of its employees. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 56.

57. Counterdefendants deny the allegations contained in Paragraph 57.

58. Counterdefendants admit that Imperio was an owner of ABH Pharma at the time he executed the subject agreement and that Milano was an employee of ABH Pharma at the time he executed the subject agreement. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 58.

59. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 59.

60. Counterdefendants deny the allegations contained in Paragraph 60.

61. Counterdefendants deny the allegations contained in Paragraph 61.

62. Counterdefendants deny the allegations contained in Paragraph 62.

Responses to The FDA Investigation

63. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 63.

64. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 64.

65. Counterdefendants deny the allegations contained in Paragraph 65.

66. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 66.

67. Counterdefendants admit that a Consent Decree was entered. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 67.

68. Counterdefendants admit that Nature laid off most of its employees and refers the Court to the terms of the subject Consent Decree. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 68.

Responses to the Ongoing Defamation

69. Counterdefendants deny the allegations contained in Paragraph 69.

70. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 70.

71. Counterdefendants deny the allegations contained in Paragraph 71.

72. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 72.

73. Counterdefendants deny the allegations contained in Paragraph 73.

74. Counterdefendants refer the Court to the contents of the subject email for the contents thereof contained in Paragraph 74.

75. Counterdefendants deny the allegations contained in Paragraph 75.

76. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 76.

77. Counterdefendants deny the allegations contained in Paragraph 77.

**FIRST CAUSE OF ACTION**
**[Breach of Contract]**
**(By Counterclaimant Imperio against Counterdefendant Islam)**

78. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 77, with the same force and effect as if set forth in detail herein again.

79. Counterdefendants deny the allegations contained in Paragraph 79.

80. Counterdefendants deny the allegations contained in Paragraph 80.

81. Counterdefendants deny the allegations contained in Paragraph 81.

82. Counterdefendants deny the allegations contained in Paragraph 82.

83. Counterdefendants deny the allegations contained in Paragraph 83.

84. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 84.

85. Counterdefendants deny the allegations contained in Paragraph 85.

86. Counterdefendants deny the allegations contained in Paragraph 86.

87. Counterdefendants deny the allegations contained in Paragraph 87.

88. Counterdefendants deny the allegations contained in Paragraph 88.

**SECOND CAUSE OF ACTION**
**[Fraud]**
**(By Counterclaimant Imperio against Counterdefendant Islam)**

89. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 88, with the same force and effect as if set forth in detail herein again.

90. Counterdefendants deny the allegations contained in Paragraph 90.

91. Counterdefendants admits that Imperio had no right to the return of his shares. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 91.

92. Counterdefendants deny the allegations contained in Paragraph 92.

93. Counterdefendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 93.

94. Counterdefendants deny the allegations contained in Paragraph 94.

95. Counterdefendants deny the allegations contained in Paragraph 95.

96. Counterdefendants deny the allegations contained in Paragraph 96.

97. Counterdefendants deny the allegations contained in Paragraph 97.

## THIRD CAUSE OF ACTION
### [Conversion]
### (By Counterclaimant Imperio against Counterdefendants)

98. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 97, with the same force and effect as if set forth in detail herein again.

99. Counterdefendants deny the allegations contained in Paragraph 99.

100. Counterdefendants deny the allegations contained in Paragraph 100.

101. Counterdefendants deny the allegations contained in Paragraph 101.

102. Counterdefendants admit that Islam alleges that Imperio has no right to shares or assets. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 102.

103. Counterdefendants deny the allegations contained in Paragraph 103.

## FOURTH CAUSE OF ACTION
### [Common law Unfair Competition]
### (By Counterclaimants against Counterdefendants)

104. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 103, with the same force and effect as if set forth in detail herein again.

105. Counterdefendants deny the allegations contained in Paragraph 105.

106. Counterdefendants deny the allegations contained in Paragraph 106.

107. Counterdefendants deny the allegations contained in Paragraph 107.

108. Counterdefendants deny the allegations contained in Paragraph 108.

## FIFTH CAUSE OF ACTION
### [Declaratory Judgment (non-competes not enforceable)]
### (By Counterclaimants Imperio and Milano against Counterdefendants)

109. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 108, with the same force and effect as if set forth in detail herein again.

110. Counterdefendants deny the allegations contained in Paragraph 110.

111. Counterdefendants deny the allegations contained in Paragraph 111.

112. Counterdefendants admit that the non-compete agreements refer to ABH. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 112.

113. Counterdefendants deny the allegations contained in Paragraph 113.

114. Counterdefendants deny the allegations contained in Paragraph 114.

115. Counterdefendants deny the allegations contained in Paragraph 115.

116. Counterdefendants deny the allegations contained in Paragraph 116.

117. Counterdefendants deny the allegations contained in Paragraph 117.

118. Counterdefendants respectfully refer the Court to the terms of the subject Consent Decree for the term thereof and otherwise deny the allegations contained in Paragraph 118.

119. Counterdefendants deny the allegations contained in Paragraph 119.

120. Counterdefendants deny the allegations contained in Paragraph 120.

121. Counterdefendants admit that Nature has laid off most of its employees. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 121.

122. Counterdefendants deny the allegations contained in Paragraph 122.

123. Counterdefendants deny the allegations contained in Paragraph 123.

## SIXTH CAUSE OF ACTION
### [breach of fiduciary duty]
### (By Counterclaimant Imperio against Counterdefendant Islam)

124. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 123, with the same force and effect as if set forth in detail herein again.

125. Counterdefendants admit that Imperio and Islam were equal shareholders in Pharma. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 125.

126. Counterdefendants deny the allegations contained in Paragraph 126.

127. Counterdefendants deny the allegations contained in Paragraph 127.

128. Counterdefendants deny the allegations contained in Paragraph 128.

129. Counterdefendants deny the allegations contained in Paragraph 129.

## SEVENTH CAUSE OF ACTION
### [violation of BCL section 720(a)(1)(B)]
### (By Counterclaimant Imperio against Counterdefendant Islam)

130. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 129, with the same force and effect as if set forth in detail herein again.

131. Counterdefendants admit the allegations contained in Paragraph 131.

132. Counterdefendants admit the allegations contained in Paragraph 132 (marked Paragraph 125 on page 22).

133. Counterdefendants deny the allegations contained in Paragraph 133 (marked Paragraph 126 on page 22).

134. Counterdefendants deny the allegations contained in Paragraph 133 (marked Paragraph 127 on page 22).

135. Counterdefendants admit that a Lamborghini was provided to Imperio. Except as expressly admitted Counterdefendants deny the allegations contained in Paragraph 135 (marked Paragraph 128 on page 22).

136. Counterdefendants deny the allegations contained in Paragraph 136 (marked Paragraph 129 on page 22).

137. Counterdefendants deny the allegations contained in Paragraph 137 (marked Paragraph 130 on page 22).

138. Counterdefendants deny the allegations contained in Paragraph 138 (marked Paragraph 131 on page 22).

**EIGHTH CAUSE OF ACTION**
**[Common Law Defamation and Trade Libel]**
**(By Counterclaimants against Counterdefendants)**

139. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 138, with the same force and effect as if set forth in detail herein again.

140. Counterdefendants deny the allegations contained in Paragraph 140 (marked Paragraph 133 on page 22).

141. Counterdefendants deny the allegations contained in Paragraph 141 (marked Paragraph 134 on page 23).

142. Counterdefendants deny the allegations contained in Paragraph 142 (marked Paragraph 135 on page 23).

143. Counterdefendants deny the allegations contained in Paragraph 143 (marked Paragraph 136 on page 23).

144. Counterdefendants deny the allegations contained in Paragraph 144 (marked Paragraph 137 on page 23).

145. Counterdefendants deny the allegations contained in Paragraph 145 (marked Paragraph 138 on page 23).

146. Counterdefendants deny the allegations contained in Paragraph 146 (marked Paragraph 139 on page 23).

**NINTH CAUSE OF ACTION**
**[Tortious Interference with Prospective Economic Advantage]**
**(By Counterclaimants against Counterdefendants)**

147. Counterdefendants repeat and incorporate herein by reference each and every one of the allegations contained in paragraphs 1 through 146, with the same force and effect as if set forth in detail herein again.

148. Counterdefendants deny the allegations contained in Paragraph 148 (marked Paragraph 141 on page 24).

149. Counterdefendants deny the allegations contained in Paragraph 149 (marked Paragraph 142 on page 24).

150. Counterdefendants deny the allegations contained in Paragraph 150 (marked Paragraph 143 on page 24).

151. Counterdefendants deny the allegations contained in Paragraph 151 (marked Paragraph 144 on page 24).

152. Counterdefendants deny the allegations contained in Paragraph 152 (marked Paragraph 145 on page 24).

153. Counterdefendants deny the allegations contained in Paragraph 153 (marked Paragraph 146 on page 24).

154. Counterdefendants deny the allegations contained in Paragraph 154 (marked Paragraph 147 on page 24).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Counterclaimants' claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Counterclaimants' claims are barred, in whole or in part, by the doctrines of laches, waiver or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaimants claims are barred or fail, in whole or in part, because they are derivative or duplicative of one another and fail to allege the existence of distinct damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaimants claims are barred or fail, in whole or in part, by the doctrine of unclean hands and/or the doctrine of *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaimants claims are barred or fail, in whole or in part, by the culpable conduct of Imperio and the doctrines of contributory and/or comparative negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

Counterclaimants claims against Islam, individually, are improper in that he was not a party to any contract and Counterdefendants owed no legal or other duty or contractual obligation to Counterclaimants as alleged in the Counterclaims.

**EIGHTH AFFIRMATIVE DEFENSE**

Counterclaimants' fraud and misrepresentation claims are not plead with sufficient particularity and therefore those causes of actions are barred or fail as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in party, because any alleged damages were not the result of any reliance by Counterclaimants on Counterdefendants.

**TENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because the losses, if any, sustained by Counterclaimants were not proximately, legally or otherwise caused by any action or inaction by Counterdefendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because the failure of Counterclaimants to mitigate the alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because of the failure of one or more Counterdefendants to fulfill their obligations under contracts, including the non-compete agreements.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because they are derivative in nature and Counterclaimants failed to meet the prerequisites for filing a derivative action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because the conduct of Counterclaimants and/or others was a superseding or intervening cause of any damage, loss or injury purportedly sustained by Counterclaimants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by Counterclaimants for loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source. If any damages are recoverable against Counterdefendants, the amount of such damages shall be diminished by the amount of the funds which Counterclaimants received or shall receive from such collateral source.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims are barred or fail, in whole or in part, because truth is an absolute defense to any defamation claim and Counterclaimants fail to allege special damages necessary to support their claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Counterdefendants reserve the right to assert and rely on such other applicable affirmative defenses as may become available by law, or statute, or arise as a result of discovery proceedings.

**PRAYER FOR RELIEF**

**WHEREFORE,** Counterdefendants respectfully request that Counterclaimants' Counterclaims be dismissed with prejudice, that judgment be entered in Counterdefendants' favor, that Counterdefendants be awarded attorneys' fees, costs, expenses and such other relief as the Court deems just and proper.

Dated: Islandia, New York
January 13, 2020

                                      LEWIS JOHS AVALLONE AVILES, LLP

By: _____
James F. Murphy, Esq.
One CA Plaza, Suite 225
Islandia, New York 11749
631.755.0101
E-mail: jfmurphy@lewisjohs.com

*Attorneys for Plaintiffs-Counterdefendants*

TO: Brett E. Lewis, Esq.
LEWIS & LIN, LLC
*Attorneys for Defendants-Counterclaimants*
81 Prospect Street, Suite 8001
Brooklyn, New York 11201
718.243.9323
E-mail: brett@iLawco.com